IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JAN 12  P 1: 44

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| ROBIN L. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-153 |
| | ) (Formerly CR 104-051) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

------------

**O R D E R**

------------

After a careful, *de novo* review of the file, the Court concurs with the Magistrate

Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc.

no. 16).  Respondent has filed an amended response addressing those objections (doc. no. 19),[1]

and Petitioner has filed a supplemental brief in reply (doc. no. 18).  The Magistrate Judge

recommended that Petitioner's motion to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255 be denied because Petitioner's claims under Skilling v. United States, 561 U.S.

___, 130 S. Ct. 2896 (2010)[2] are procedurally defaulted, and Petitioner has not shown that the

------------

[1] Although Respondent filed its amended response on the same date that it filed its response to Petitioner's objections (doc. no. 17), see CR 104-051, doc. nos. 404, 405 (S.D. Ga. Dec. 13, 2011), docketing issues resulted in the amended response appearing out of numerical sequence on the civil docket.

[2] As explained in the R&R (doc. no. 13, p. 4), Skilling interpreted the honest-services fraud statute, 18 U.S.C. § 1346 ("Section 1346"), and confined the honest-services fraud theory of liability solely to bribery and kickback schemes.  130 S. Ct. at 2905.  The Supreme Court specifically rejected the argument that Section 1346 criminalizes undisclosed self-dealing.  Id. at 2932.

default should be excused.  (Doc. no. 13.)

In the R&R, the Magistrate Judge concluded that Petitioner had procedurally defaulted his <u>Skilling</u>-based claims – which challenge his indictment and convictions for honest-services fraud under Section 1346 – because Petitioner had not argued that Section 1346 was unconstitutionally vague at trial or on direct appeal.  (<u>Id.</u> at 22.)  Moreover, the Magistrate Judge found that Petitioner had not established cause excusing his default and actual prejudice from the error; furthermore, the Magistrate Judge found that Petitioner had not established actual innocence to avoid procedural default.  (<u>Id.</u> at 14, 19, 22.)

Petitioner raises several objections to the R&R, many of which are restatements of the arguments he raised in his original briefing in support of his §2255 motion (<u>see</u> doc. nos. 1, 10).  In essence, Petitioner's objections can be summarized as follows:  (1) his claims are not procedurally defaulted because he raised them at trial and on direct appeal; (2) the Magistrate Judge erroneously concluded that Petitioner failed to demonstrate cause for excusing his procedural default; (3) the Magistrate Judge incorrectly concluded that Petitioner failed to demonstrate actual innocence; and (4) Respondent is taking inconsistent positions in Petitioner's case and in other cases brought pursuant to § 2255 that raise <u>Skilling</u>-based claims.  (<u>See generally</u> doc. no. 16.)  In Respondent's amended response, it argues solely that it has not taken inconsistent positions in cases involving <u>Skilling</u>-based claims, and it incorporates into its amended response its earlier response to Petitioner's § 2255 motion, as well as the findings and conclusions in the R&R.  (<u>See generally</u> doc. no. 19.)  In his supplemental brief in support of his objections, Petitioner expounds upon his argument that Respondent is taking inconsistent positions.  (<u>See generally</u> doc. no. 18.)  The Court resolves these objections as follows.

2

I.      **DISCUSSION**

A.      **Petitioner's Claims Are Procedurally Defaulted**

Petitioner first objects that the Magistrate Judge incorrectly concluded that his <u>Skilling</u>-based claims challenging his indictment and convictions for honest-services fraud are procedurally defaulted because Petitioner failed to raise those claims on direct appeal. (Doc. no. 16, p. 1.) In the R&R, the Magistrate Judge concluded that because "Petitioner did not raise claims relating to the legal viability of the honest-services charges before the District Court or on direct appeal," that he was procedurally defaulted from bringing those claims on collateral attack. (Doc. no. 13, pp. 3, 6.) In his objections, Petitioner argues for the first time, however, that "a review of what was raised on appeal *could* be said to have in part raised issues as to whether the evidence was sufficient [to convict him], in light of the vagueness of the statute." (Doc. no. 16, p. 1 (emphasis added).) Specifically, he argues that during trial and on appeal, he argued that the facts did not support his conviction for honest-services fraud and healthcare fraud. (<u>Id.</u> at 1-2.) Thus, he argues, by challenging at trial and on appeal whether the facts established at trial supported his conviction, he raised the argument that Section 1346 "was being construed too broadly and in such a manner as to make normal business activities criminal." (<u>Id.</u> at 2.)

However, once Respondent raised the procedural default argument in its response (doc. no. 8), Petitioner had the opportunity to raise this argument before the Magistrate Judge, yet he did not do so. Because Petitioner is raising an argument concerning possible interpretations of partially-raised issues at trial and on appeal for the first time in his objections to the R&R, the Court will not give this argument consideration. <u>See</u> <u>Williams v. McNeil</u>, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's

3

argument when that argument was not first presented to the magistrate judge.")  Accordingly, the Court turns its attention to Petitioner's remaining objections.

**B.      Petitioner Has Not Established Cause Excusing Procedural Default**

Petitioner next objects that the Magistrate Judge erred in concluding that he has not established cause for his procedural default.  (Doc. no. 16, pp. 2-8.)  In the R&R, the Magistrate Judge explained that for Petitioner to overcome his procedural default, he must demonstrate cause for his default and actual prejudice from the error, or show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  (Doc. no. 13, p. 7 (quoting United States v. Montano, 398 F.3d 1276, 1280 (11th Cir. 2005) (*per curiam*); Murray v. Carrier, 477 U.S. 478, 496 (1986)).)  With regard to the cause prong of the cause and prejudice standard, the Magistrate Judge further explained that "[t]o establish cause premised on a recent legal development, Petitioner must demonstrate that his claim is 'so novel that its legal basis is not reasonably available to counsel.'" (Id. at 9 (citing Bousley v. United States, 523 U.S. 614, 622 (1998).)

While the Magistrate Judge acknowledged that others who had challenged Section 1346 had not met with much success, he concluded that Bousley was clear in its holding that futility is not enough to excuse procedural default.  (Id. at 10 (citing Bousley, 523 U.S. at 623) ("futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (internal citation omitted).)  Thus, the Magistrate Judge found unavailing Petitioner's argument that it would have been futile for him to challenge the scope of Section 1346 at trial or on appeal, and the R&R accordingly concluded that Petitioner had not established cause to excuse his procedural default.

In his objections, Petitioner argues that the Magistrate Judge should have adopted the

reasoning set forth in Stayton v. United States, 766 F. Supp. 2d 1260, 1266 (M.D. Ala. 2011), which concluded that Skilling presented "such a clear break with the past" that it excuses a petitioner's procedural default.  (Doc. no. 16, pp. 4-6.)  However, the Magistrate Judge thoroughly considered Stayton before rejecting its reasoning in favor of that set out in Ryan v. United States, 645 F.3d 913, 916 (7th Cir. 2011) (Easterbrook, J.) petition for cert. filed, No. 11-499 (Oct. 19, 2011), which concluded that Bousley forecloses a Skilling-based claim that was not brought at trial or on direct appeal.  (Doc. no. 13, pp. 11-13.)

The Court agrees with the Magistrate Judge's decision to reject Stayton's reasoning. As the R&R correctly pointed out, Stayton represents the minority position on this issue, as the majority of courts have concluded that Bousley's holding is clear that futility is insufficient to establish cause for default.  (Id. at 10-11.)  Furthermore, by adopting the reasoning set out in Ryan, the R&R appropriately followed the Supreme Court's instruction that courts "show restraint before carving out further exceptions to the procedural default rule." (Id. at 13 (citing Dretke v. Haley, 541 U.S. 386, 394 (2004).)

Moreover, the Magistrate Judge found that the Stayton court's concern for spurring unmeritorious claims on direct appeal was overstated where "Section 1346 had been actively challenged on vagueness grounds during the period leading up to Petitioner's direct appeal and the Supreme Court's decision in Skilling." (Id.)  Finally, the Magistrate Judge correctly observed that the Eleventh Circuit favored upholding the procedural default rule even where petitioners argued that it would have been futile to raise their defaulted arguments at trial or on appeal.  (Id. (citing United States v. Coley, 336 F. App'x 933, 936 (11th Cir. 2009) (per curiam); Howard v. United States, 374 F.3d 1068, 1072-73 (11th Cir 2004); Sawyer v. Holder, 326 F.3d 1363, 1366-67 (11th Cir. 2003)).)  In sum, the R&R's rejection of Stayton was

5

thorough and well-reasoned, and Petitioner's objections do not warrant departing from the R&R's conclusion that he has failed to establish cause excusing his procedural default.

Petitioner argues, however, that the Magistrate Judge erroneously relied on Sawyer, 326 F.3d at 1366-67, to support his reading of Bousley. (Doc. no. 16, p. 8.) In particular, Petitioner argues that Sawyer is distinguishable from his case because Sawyer's claim of actual innocence involved improper jury instructions while in Petitioner's case, "a statute was completely thrown out." (Id.) Putting aside the fact that Skilling only *limited* Section 1346 to bribery and kickbacks – far from "throwing out" the statute – the Court notes that the Magistrate Judge did not rely on Sawyer in his analysis of actual innocence. Rather, as just explained, the Magistrate Judge referenced Sawyer in his analysis of the cause prong. In that analysis, the Magistrate Judge correctly found that his reading of Bousley was further supported by Eleventh Circuit case law (including the Eleventh Circuit's decision in Sawyer), which "counsels in favor of upholding procedural rules in habeas corpus cases despite arguments that claims were novel or futile." (Doc. no. 13, p. 13 (citing, *inter alia*, Sawyer, 326 F.3d at 1366-67).)

Petitioner next argues that the Magistrate Judge failed to consider the implications of Fed. R. App. P. 38, which authorizes sanctions for raising frivolous arguments on appeal. (Doc. no. 16, pp. 5-7.) Petitioner asserts that had he challenged the scope of Section 1346 on direct appeal, he would have faced sanctions for raising frivolous claims under Rule 38. (Id.) However, Petitioner has not pointed to a single example of an appellant receiving such a sanction. Certainly none of the many cases involving challenges to the scope of Section 1346 cited in the R&R and Petitioner's briefs mention sanctions under Rule 38. See, e.g., United States v. Hasner, 340 F.3d 1261, 1268-69 (11th Cir. 2003) (considering merits of argument

6

that honest services charges under Section 1346 are unconstitutionally vague without chastising, penalizing, or otherwise suggesting the argument was worthy of sanctions).

Petitioner further objects that the Magistrate Judge failed to consider the argument he raised in his § 2255 motion that his indictment "was constitutionally tainted by the government's honest-services fraud theory." (Doc. no. 16, p. 10.) However, as the Magistrate Judge concluded that all of Petitioner's claims were procedurally defaulted and Petitioner had not established that the default should be excused (doc. no. 13, p. 22), there was accordingly no need to separately examine his argument that his indictment was "constitutionally tainted."[3] In short, this objection provides no basis for disturbing the Magistrate Judge's opinion.

### C.    Petitioner Has Not Established Actual Innocence

Petitioner also objects that the Magistrate Judge should not have applied the actual innocence standard to him and instead should have used the "equally likely" standard set forth in Yates v. United States, 354 U.S. 298, 312 (1957). (Doc. no. 16, pp. 9-10.) In other words, Petitioner argues, if it was *equally likely* that the jury's convictions were premised solely on the basis of an invalid honest-services fraud theory as they were premised on a valid theory of guilt, then his convictions must be set aside.   Yates, 354 U.S. at 312.   In the R&R, the Magistrate Judge found Yates inapplicable because it enunciated standards to be used in the

---

[3]Moreover, the R&R addressed Petitioner's indictment when it examined whether he had established actual prejudice.  The R&R looked to Lomelo v. United States, 891 F.2d 1512, 1513 (11th Cir. 1990), which involved similar claims of what the Eleventh Circuit referred to as "prejudicial spillover." (Doc. no. 13, p. 15.)  The R&R correctly concluded that under Lomelo, Petitioner could not show actual prejudice from an invalid theory of honest-services fraud in his indictment since the indictment alleged, in conjunctive fashion, both valid theories of guilt along with an invalid honest-services fraud theory of guilt.  (Id.)  Stated another way, because the indictment alleged both valid and invalid theories in conjunction, a grand jury could not have indicted Petitioner solely on an invalid theory, and thus there was no prejudice.  (Id.)

context of a direct appeal rather than in the context of a habeas corpus motion. (Doc. no. 13, pp. 19-20.)

Petitioner argues, however, that "[t]here are no cases that hold that <u>Yates</u> should not be applicable in a habeas corpus (sic)." (Doc. no. 16, p. 10.) Yet even if it is true that there are no cases explicitly prohibiting application of <u>Yates</u>' "equally likely" standard in the analysis of actual innocence, the Magistrate Judge correctly identified the standards that *are* applicable to avoid procedural default: as noted above, the R&R properly pointed out that Petitioner must demonstrate cause and actual prejudice to excuse procedural default, or he must show that he is actually innocent. (Doc. no. 13, p. 7.) Further, the Magistrate Judge correctly explained that "[t]o establish actual innocence, a prisoner must demonstrate that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" (<u>Id.</u> at 20 (quoting <u>Bousley</u>, 523 U.S. at 623 ).) Additionally, the R&R properly stated that "to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." (<u>Id.</u> (quoting <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001)).)

Under these standards, the Magistrate Judge correctly observed that Petitioner offered no reliable evidence not presented at trial. (<u>Id.</u>) Thus, Petitioner would be unable to establish actual innocence "if the evidence that *was* presented at trial" would permit a reasonable jury – one that had been properly instructed that Section 1346 criminalizes honest-services fraud *only* under a bribery or kickback theory – to convict him. (<u>Id.</u>) In this regard, the R&R noted that "all of the Counts that charged Petitioner with honest-services fraud included the same allegations of bribery for which Petitioner was separately convicted," and he had not shown any facts to call those bribery convictions into question. (<u>Id.</u> at 21.)

In addition, the Magistrate Judge correctly observed that the Counts charging Petitioner with honest-services fraud also alleged that he engaged in healthcare fraud by depriving a healthcare organization of money and property, and thus "[t]o establish actual innocence, Petitioner would need to establish not only that he was actually innocent of defrauding the [healthcare organization] of [] honest services, but also that he was actually innocent of defrauding the [healthcare organization] of money and property." (Id. at 21.)  However, the R&R properly determined that Petitioner had not even attempted to establish that he was actually innocent of defrauding the healthcare organization of money and property. (Id. at 22.) In short, the Magistrate Judge examined whether Petitioner had established actual innocence under the appropriate standards before properly concluding that he had not.  Thus, this objection does not warrant departing from the R&R's conclusion.

### D.    Respondent Has Not Taken Inconsistent Positions

Petitioner further asserts that Respondent is taking a position in his case that is inconsistent with the positions it took in Stayton and in another recent case, United States v. Blitch, No. 5:08-cr-40-HL, doc. no. 405 (M.D. Ga. Sept. 6, 2011).[4]  (Doc. no. 16, pp. 2-3.) With regard to Blitch, Petitioner asserts that Respondent did not raise a procedural bar argument in that case despite the fact that Blitch had not challenged his convictions at trial or on appeal; Petitioner argues that because Respondent raises the procedural bar argument in the

---

[4] In the R&R, the Magistrate Judge addressed Petitioner's argument that Respondent was taking inconsistent positions in Stayton and in his case because it had "conceded" that the cause and prejudice standard did not apply in Stayton. (Doc. no. 10, p. 4.)  The Magistrate Judge correctly saw no inconsistency in Respondent's positions, as Respondent asserted in both Stayton and the instant case that a petitioner must establish cause and prejudice to excuse procedural default. (Doc. no. 13, p. 9.)  As Petitioner does not elaborate in his objections as to how Respondent's position in Stayton and in his case are otherwise inconsistent, the Court will not further address this argument.

instant case, this presents an inconsistent position which should therefore be rejected.  (Id.)

Respondent addresses this argument in its amended response (doc. no. 19), asserting that Petitioner's case is distinguishable from Blitch:  while Blitch "was convicted of an offense based solely on a legally invalid 'undisclosed self-dealing' theory" rejected by the Supreme Court in Skilling, Petitioner's "five (5) conspiracy and health care fraud convictions were fully supported by both a valid money-property fraud theory and a valid honest-services 'bribery' theory." (Id. at 2.)  Furthermore, Respondent argues, unlike Blitch, Petitioner was separately convicted on eight "non-fraud counts" for theft and bribery.  (Id.)

Petitioner counters that Respondent has ignored the fact that Blitch did not challenge Section 1346 at trial or on direct appeal, and thus Blitch's claim should have been procedurally defaulted under Respondent's argument in the instant case.  (Doc. no. 18, p. 1.)  However, Petitioner overlooks the fact that actual innocence will excuse procedural default.  Montano, 398 F.3d at 1280.  As Respondent points out, Blitch was convicted based *solely* on a legal theory that Skilling rejected as unconstitutionally vague.  (Doc. no. 19, p. 2.)  Thus, in Blitch, "a constitutional violation ha[d] probably resulted in the conviction of one who is actually innocent," Montano, 398 F.3d at 1280, and any procedural default was accordingly avoided. In contrast to Blitch, Petitioner has not established actual innocence, as explained above. Because the two cases are distinguishable, Respondent's position in Blitch is simply not inconsistent from its position in the instant case.[5]  Thus, Petitioner's objection that Respondent

---

[5]Furthermore, the Court notes that procedural default is an affirmative defense, which will be waived if the government fails to raise it.  Howard v. United States, 374 F.3d 1068, 1070 (11th Cir. 2004).  Thus, even if Respondent *should* have raised a procedural default argument in another case involving Skilling-based claims, but failed to, the Court does not agree that Respondent should be prohibited from properly asserting the defense here.

is taking inconsistent positions provides no basis for disturbing the Magistrate Judge's recommendation.

## II.   CONCLUSION

In sum, the objections discussed above are without merit and do not warrant departing from the conclusions in the R&R.  Petitioner's objections not explicitly discussed herein are likewise without merit. Accordingly, Petitioner's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA").  A federal prisoner must obtain a COA before appealing the denial of his motion to vacate.  This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) to the Rules Governing Section 2255 Proceedings.  This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 482-84 (2000).

Notably, the Eleventh Circuit has not yet addressed whether a petitioner procedurally defaults a Skilling-based claim that was not raised at trial or on direct appeal.  Moreover, as explained above, courts applying Skilling on collateral review have reached disparate conclusions on this issue, particularly with regard to the analysis of the cause prong under Bousley.  Compare Ryan v. United States, 645 F.3d 913, 916 (7th Cir. 2011) (Easterbrook, J.) petition for cert. filed, No. 11-499 (Oct. 19, 2011); United States v. Lynch, --- F. Supp.2d ----, Nos. 07-431-01, 07-431-02, 2011 WL 3862842, at *3 (E.D. Pa. Aug. 31, 2011); United States v. Jennings, Nos. CR-04-402, CV-11-150 (RHK), 2011 WL 3609298, at *3 (D. Minn. Aug.

11

15, 2011) *appeal docketed*, No. 11-3127 (8th Cir. Sept. 30, 2011); United States v. Scruggs, No. 3:07CR192-B-A, 2011 WL 1832769, at *3 (N.D. Miss. May 13, 2011), *reconsideration denied*, 2011 WL 2566140, at *1 (N.D. Miss. June 28, 2011), *appeal docketed*, No. 11-60564 (5th Cir. Aug. 23, 2011); Walker v. Rivera, --- F. Supp.2d ----, No. 3:10-2464-RMG, 2011 WL 4480170, at *2 (D.S.C. Sept. 26, 2011), *appeal docketed*, No. 11-7425 (4th Cir. Oct. 27, 2011); with Stayton, 766 F. Supp.2d at 1266-67; United States v. McDonnell, Nos. SACV 10-1123, SACR 04-0309, 2011 WL 2463194, at *3-5 (C.D. Cal. June 20, 2011).

Accordingly, the Court **GRANTS** Petitioner a COA, which shall be limited to the issue of whether Petitioner has procedurally defaulted his Skilling-based claims for failing to challenge his convictions under Section 1346 at trial or on direct appeal.

Therefore, Petitioner's § 2255 motion is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the United States of America.

SO ORDERED this 12th day of January, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE